IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAL DUSZAK, ) | JURY TRIAL DEMANDED |
| ) | |
| Plaintiff, ) | 07cv0009 *** / mpt |
| ) | |
| v. ) | |
| ) | |
| EDWARD ABRAHAM ROSENMAN, ) | |
| WAKISHA ROSENMAN a/k/a WAKISHA ) | |
| NICOLAS, FIRST GUARDIAN ) | |
| FINANCIAL CORPORATION, ) | |
| TRAFALGAR LEASING & FINANCE ) | |
| CORPORATION, COSMOS GROUP, ) | |
| WINDSOR CAPITAL LTD., FAUZIE ) | |
| MOHAMED a/k/a FAUZIE MOHAMAED, ) | |
| "JOHN" LNU, JOHN DOES 1-100, ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR RECONSIDERATION OF THE ORDER ENTERED FEBRUARY 13, 2007, GRANTING EXTENSION OF TIME

AND NOW COMES the Plaintiff Mal Duszak ("Duszak"), and requests reconsideration of the Order entered on February 13, 2007, granting a blanket extension of time:

1. On February 13, 2007, this Court issued a "SO ORDERED" decision granting the defendants' blanket and perpetual extension of time. The Order was granted prior to the Court receiving the plaintiff's opposition documents.

2. This Court appears not to have noticed that the defendants asked for a blanket extension of time, not a specific extension, and that it effectively stops this litigation.

3. That is, the extension allows the defendants not to answer until the last defendant is served, but summonses have not even been entered as to all of the

defendants. The plaintiff was using the 120 period in good faith to determine if certain defendants should be removed from the litigation.

4. Moreover, the defendants who received the blanket extension have been less than cooperative in accepting service or making their whereabouts known. The defendants who were served refused to accept the papers and the process server had to leave them in their presence.

5. Defendant Edward Rosenman has previously lied about his middle name during conversations and otherwise has not been cooperating in being located. To date, the plaintiff's process server has not advised that defendant Edward Rosenman has been successfully located, although the plaintiff is informed that they are attempting to do so in a diligent manner. Defendant Edward Rosenman apparently knows about the lawsuit since he appeared by counsel and moved for an extension,[1] and knowing that a blanket extension exists, he may continue to avoid service of process so as to stall this litigation for delay purposes.

6. Thus, the defendants should not receive a blanket extension, but if this Court wishes to allow an extension, it needs to be for a time certain. No reason or need exists for a perpetual extension.

7. The defendants' request to extend the time indefinitely is based on the inappropriate reason that counsel wishes to file a single pleading. If counsel wished to file a single pleading, he need not wait for the formality of service. Counsel may file an

---

[1] Edward Rosenman claims that he has resigned from First Guardian Financial Corporation as an officer. In telephonic discussions with third parties, Rosenman had claimed that he did not know what FGFC was. Recently, he inferred that he was simply a nominee and did not participate in the various press releases attributed to him. If Rosenman was indeed simply a person whose name was used during the fraud scheme, it appears that his defense conflicts with that of FGFC and the other defendants.

answer or motion to dismiss for all of his clients. Service, if even necessary at this juncture, appears to be a formality because counsel has appeared for all of the initial defendants.

8. In fact, counsel's appearance in the matter for all of the original defendants most likely constitutes a waiver of service on behalf of the defendants that counsel appeared for.[2]

9. Additionally, this Court must consider that there are 100 John Doe defendants. They will be served as they are substituted and joined under Fed. R. Civ. P. 19 and 21.

10. Already, motions were filed seeking to join two additional parties.

11. Thus, it is unclear whether this Court's Order will ever require a responsive pleading to the suit.

12. Finally, and problematically, is that this case involved a fraud scheme where the defendants issued press releases that they were "buying back" shares of First Guardian Financial Corporation on the public market all while at the same time they were issuing additional shares in excess of what was authorized by the amendments to the articles of incorporation on file with the Delaware Secretary of State. As such, there is the matter of nearly 120,000,000 counterfeit shares, including share certificates issued to the plaintiff in January 2007. As such, irreparable harm will occur if this matter does not move forward because nothing prevents the defendants from wreaking more damage to the shareholders of FGFC in the interim.

---

[2] It is unclear whether counsel for the defendants was truly "retained" by all of the defendants in light of certain conversations with Edward Rosenman where he inferred that he was acting as a nominee for certain parties and actually had no participation in the press releases in this case. Based on information, counsel for the defendants may have a conflict of interest as a result of Mr. Rosenman's defense that he did not participate in the actions.

WHEREFORE, based on the above, plaintiff Mal Duszak respectfully requests that this Court reconsider the blanket extension and set a time certain to respond to the Complaint.

Respectfully submitted,

*Mal Dusk*

Mal Duszak
613 Cross Street
East McKeesport, PA  15035
1-888-546-2320  Telephone
1-800-572-4403  Facsimile
m.duszak@k2send.com

PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAL DUSZAK, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Plaintiff, | ) | 07cv0009 *** / mpt |
| | ) | |
| vi. | ) | |
| | ) | |
| EDWARD ABRAHAM ROSENMAN, | ) | |
| WAKISHA ROSENMAN a/k/a WAKISHA | ) | |
| NICOLAS, FIRST GUARDIAN | ) | |
| FINANCIAL CORPORATION, | ) | |
| TRAFALGAR LEASING & FINANCE | ) | |
| CORPORATION, COSMOS GROUP, | ) | |
| WINDSOR CAPITAL LTD., FAUZIE | ) | |
| MOHAMED a/k/a FAUZIE MOHAMAED, | ) | |
| "JOHN" LNU, JOHN DOES 1-100, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this ____ day of _____, 2007, it is hereby

ORDERED, ADJUDGED, and DECREED that the plaintiff's motion for reconsideration

is GRANTED. The moving defendants, who sought an extension of time to file a

responsive pleading, shall file the pleading no later than _____,

2007.

By the Court:

_____
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I, Mal Duszak, certify that I caused to be mailed a true copy of the foregoing motion to the following parties on this 14th day of February, 2007:

Daniel W. Burgess
PO Box 1542, #5
Stowe, VT 05672

Daniel W. Burgess
c/o Skiershop
638 Main Street
Stowe, VT 05672

Edward Wayne Hayter Sr.
165 Jaffrey Street
Brooklyn, NY 11235-3022

John C. Philips, Jr., Esquire
Phillips, Goldman & Spence P.A.
1200 N. Broom Street
Wilmington, DE 19806

*Mal Dusk*
_____
Mal Duszak

**UPS Next Day Air®**
**UPS Worldwide Express℠**

Shipping Document

Call **1-800-PICK-UPS®** (1-800-742-5877) or visit **UPS.com®**.

- For UPS Next Day Air services, the [...] for envelopes containing correspo[...] and electronic media. When a UP[...] selected, UPS Express Envelopes [...] those listed above are subject to t[...] the applicable weight.

- For UPS Worldwide Express, the U[...] may be used only for documents [...] There is no limit on the weight or [...] can enclose.

- Do not use UPS 2nd Day Air servi[...] over 13 ounces in this envelope. [...] UPS Express Envelopes weighing [...] to the corresponding rates for the [...]

- Do not send cash or cash equival[...]

**Reusable En[velope]**
Use twice, then recy[cle]

01019112O 1/05 S

SHIPMENT FROM
UPS ACCOUNT NO.
REFERENCE NUMBER
TELEPHONE

DELIVERY TO
CLERK, U.S. DISTRICT COURT
Lockbox 18
844 N. King Street
Wilmington, DE 19801

ISELIN, NJ 08830
33 WOOD AVENUE SOUTH
FILING DIVISION

TELEPHONE

United Parcel Service, Louisville, KY

WEIGHT: LTR
DIMENSIONAL WEIGHT
SATURDAY DELIVERY
[X] DOCUMENTS ONLY
[ ] EXPRESS (INT'L)
[ ] LARGE AIR PACKAGE
[X] SHIPPER RELEASE

**UPS Next Day Air®**

TRACKING NUMBER: 1Z 97 845 866 8
DATE OF SHIPMENT: 02/14/07

Apply shipping documents on this si[de]
Do not use this envelope for:
Expedited℠

PULL TAB TO OPEN ▲▲▲

International Shipping Notice — Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on [...] Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. [...]