IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAL DUSZAK, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Plaintiff, | ) | 07cv0009 *** / mpt |
| | ) | |
| v. | ) | |
| | ) | |
| EDWARD ABRAHAM ROSENMAN, | ) | |
| WAKISHA ROSENMAN a/k/a WAKISHA | ) | |
| NICOLAS, FIRST GUARDIAN | ) | |
| FINANCIAL CORPORATION, | ) | |
| TRAFALGAR LEASING & FINANCE | ) | |
| CORPORATION, COSMOS GROUP, | ) | |
| WINDSOR CAPITAL LTD., FAUZIE | ) | |
| MOHAMED a/k/a FAUZIE MOHAMAED, | ) | |
| "JOHN" LNU, JOHN DOES 1-100, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY TO THE OPPOSITION TO THE MOTION FOR RECONSIDERATION OF THE ORDER ENTERED FEBRUARY 13, 2007, GRANTING EXTENSION OF TIME**

AND NOW COMES the Plaintiff Mal Duszak ("Duszak"), and replies to the opposition to the request for reconsideration of the Order entered on February 13, 2007, granting a blanket extension of time:

1. The defendants[1] assert that this Court most probably considered the opposition to the request for an extension. On the contrary, the opposition reached the Court after the granting of the request as shown by the PACER database.

---

[1] There exists no evidence that Wakisha Rosenman or Edward Rosenman retained counsel who appeared on their behalf, and a blatant conflict of interest exists as to the dual representation where Edward Rosenman apparently asserts that he did not have knowledge of the press releases that Edward Hayter and First Guardian Financial Corporation authored. Based on information, the persons responsible, in an effort to shield themselves from being exposed by Edward Rosenman, are offering to pay the expenses of litigation and counsel is being used as a shield in that regard. Once counsel completely debriefs Edward Rosenman, he will be required to disqualify himself as he cannot represent the competing interests of the defendants. If he does not do so voluntarily, the plaintiff will file a motion to disqualify.

2. The defendants assert that they are not seeking an "indefinite extension." If this were the case, then there is no reason for the defendants to object to this Court setting a time certain to respond to the Complaint. The plaintiff did not request that the defendants be required to Answer the Complaint forthwith. On the contrary, a date certain was requested.

3. The defendants assert that the plaintiff seeks to obtain an unfair advantage through "haste." However, most of the defendants have had the Complaint in hand for over twenty (20) days, the time period that the Federal Rules of Civil Procedure allow for a responsive pleading. The defendants would not be prejudiced by a time certain to answer the Complaint in lieu of an indefinite and unclear extension – especially when the general appearance constitutes a waiver of service so the clock began to tick regardless.

4. The defendants aver that the plaintiff's spouse claims to represent her.[2] This allegation is false and known to be false, and is patently baseless. The documents in this case are signed under Rule 11, Fed. R. Cv. P. Additionally, the defendants infer that any statements in the documents of the plaintiff should be ignored because she is not a member of "any bar association." As stated, Rule 11 governs the *pro se* pleadings. Additionally, the Complaint is executed under 28 USC §1746 which obviates the need for notarization.[3]

---

[2] The defendants are apparently referring to a recorded conversation where Sam Israel, Esq., a New York attorney, conducted a pretext telephone call to Keith Maydak and asked for him specifically. At that time, Mr. Israel asked whether he was the plaintiff in the suit. Maydak responded that he was not and that the plaintiff was listed on the pleadings. Mr. Israel then alleged that Maydak represented the Plaintiff in this case. Maydak informed Mr. Israel that he did not "represent" anyone and that the documents were signed under Rule 11 by the plaintiff. Apparently, the defendants are inferring that the plaintiff may not speak, discuss, or confer about the lawsuit with her spouse.

[3] The defendants are engaging in the practice of avoiding the issues by attacking the messenger instead of the message. In this case, Edward Hayter apparently appointed one of his restaurant workers to engage in a massive stock scam involving misleading press releases. It is unclear whether counsel for the

5. The defendants falsely claim that the documents in this case are not signed. Each document has been signed using an ordinary black Bic brand pen.

6. The defendants then attack litigations filed by the spouse of the plaintiff by falsely asserting that the litigations involved suing a cook in a prison when the suit, in reality, was a meritorious civil rights action that resulted in an injunction. Regardless, the defendants never explain how this relates to the stock fraud that Edward Hayter, using the corporation First Guardian Financial Corporation, perpetrated. The defendants have not explained to this Court how a lawsuit seeking vegetarian meals relates to the issuance of stock shares in excess of the authorized allowed by their articles of incorporation all while publishing press releases touting the reduction of shares through a "buyback" that never occurred.

7. Finally, the defendants request a hearing on the simple issue relating to when they should file an answer. Such a request is made only to increase the costs of this litigation prior to trial. The only issue is when the defendants who were served should answer the Complaint, something that this Court's Order omitted. A date certain needs to be set and there exists no need for a "hearing" to set a reasonable date certain.

---

defendants ever discussed the issues with Edward Rosenman, the 29 year old restaurant manager, or even obtained a waiver of the clear conflict of interest counsel has. Mr. Rosenman purportedly resigned as an officer, and may never have been an officer since it was Mr. Hayter's name that appeared on the official documents filed with the State of Delaware. Apparently, the defense of this case is being funded by those responsible for the fraud, yet counsel has never inquired as to the source of the funding or investigated the clear conflict of interest that exists by representing both First Guardian and Edward Rosenman.

WHEREFORE, based on the above, plaintiff Mal Duszak respectfully requests that this Court reconsider the blanket extension and set a time certain to respond to the Complaint.

Respectfully submitted,

*Mal Dusk*

Mal Duszak
613 Cross Street
East McKeesport, PA  15035
1-888-546-2320  Telephone
1-800-572-4403  Facsimile
m.duszak@k2send.com

PLAINTIFF

## CERTIFICATE OF SERVICE

I, Mal Duszak, certify that I caused to be mailed a true copy of the foregoing motion to the following parties on this 19th day of February, 2007:

Daniel W. Burgess
PO Box 1542, #5
Stowe, VT 05672

Daniel W. Burgess
c/o Skiershop
638 Main Street
Stowe, VT 05672

Edward Wayne Hayter Sr.
165 Jaffrey Street
Brooklyn, NY 11235-3022

John C. Philips, Jr., Esquire
Phillips, Goldman & Spence P.A.
1200 N. Broom Street
Wilmington, DE 19806

*Mal Dusk*
Mal Duszak

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAL DUSZAK, | ) JURY TRIAL DEMANDED |
| | ) |
| Plaintiff, | ) 07cv0009 *** / mpt |
| | ) |
| vs. | ) |
| | ) |
| EDWARD ABRAHAM ROSENMAN, | ) |
| WAKISHA ROSENMAN a/k/a WAKISHA | ) |
| NICOLAS, FIRST GUARDIAN | ) |
| FINANCIAL CORPORATION, | ) |
| TRAFALGAR LEASING & FINANCE | ) |
| CORPORATION, COSMOS GROUP, | ) |
| WINDSOR CAPITAL LTD., FAUZIE | ) |
| MOHAMED a/k/a FAUZIE MOHAMAED, | ) |
| "JOHN" LNU, JOHN DOES 1-100, | ) |
| | ) |
| Defendants. | ) |

## ORDER

AND NOW, this ____ day of _____, 2007, it is hereby

ORDERED, ADJUDGED, and DECREED that the plaintiff's motion for reconsideration

is GRANTED. The moving defendants, who sought an extension of time to file a

responsive pleading, shall file the pleading no later than _____,

2007.

By the Court:

_____
United States Magistrate Judge