IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAL DUSZAK, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Plaintiff, | ) | 07cv0009 *** / mpt |
| | ) | |
| v. | ) | |
| | ) | |
| EDWARD ABRAHAM ROSENMAN, | ) | |
| WAKISHA ROSENMAN a/k/a WAKISHA | ) | |
| NICOLAS, FIRST GUARDIAN | ) | |
| FINANCIAL CORPORATION, | ) | |
| TRAFALGAR LEASING & FINANCE | ) | |
| CORPORATION, COSMOS GROUP, | ) | |
| WINDSOR CAPITAL LTD., FAUZIE | ) | |
| MOHAMED a/k/a FAUZIE MOHAMAED, | ) | |
| "JOHN" LNU, JOHN DOES 1-100, | ) | |
| | ) | |
| Defendants. | ) | |

## EMERGENCY MOTION PURSUANT TO FED. R. CIV. PROC. 26(d) TO ALLOW DISCOVERY PRIOR TO THE DISCOVERY MEETING

AND NOW COMES the Plaintiff Mal Duszak ("Duszak") and moves this Court pursuant to Fed. R. Civ. Proc. 26(d) to allow discovery prior to the discovery meeting:

1. Pending before this Court is a Complaint alleging an extensive and complicated stock fraud scheme whereby the defendants issued misleading press releases claiming they were engaging in a "share buyback" program purchasing over $1,000,000 in shares on the open stock market for up to $.06 each and asserting that they reduced their authorized shares to 152,000,000 when, in reality, they unlawfully issued over 118,000,000 additional shares. The shares are considered counterfeit as they were not authorized by the articles of incorporation of the company, as amended at the time of issuance.

2. The company involved, First Guardian Financial Corporation, was previously controlled by Edward W. Hayter. In a recorded telephone conversation, Mr. Hayter represented in December 2006 that he sold all of his controlling interests to third parties and that he could not reveal the identities of the new owners. The President of the FGFC, who purportedly issued all of the press releases in question, was Edward Abraham Rosenman, Mr. Hayter's employee at a restaurant in Florida.

3. In this case, all of the shares issued from July 2006 through January 2007 were counterfeit and void.

4. Therefore, discovery is necessary to identify the John Doe defendants.

5. That is, the documents showing the identities of the persons and/or companies the shares were issued to will reveal who received the financial benefit from the illegal issuance of shares.

6. In turn, the John Doe defendants can be substituted in this case.

7. Rule 26(d) allows this Court to enter an Order waiving the requirement of a meeting prior to beginning discovery. To engage in expedited discovery a party seeking discovery must establish to the court's satisfaction that the requests are "reasonable under the circumstances." *Better Packages, Inc. v. Zheng*, No. Civ. A. 05-4477, 2006 WL 1373055, at *2 (D.N.J. May 17, 2006).

8. In this case, no "meet and confer" can occur with the John Doe defendants until they are identified and named in the lawsuit. As such, discovery is reasonable to learn their identities.

9. In addition, discovery appears necessary to locate the defendants. At least one defendant, Edward Abraham Rosenman, appears to be a fugitive from justice according to court dockets from Florida. *See* Exhibit A.[1]

10. Additionally, in this case of a sophisticated financial fraud, immediate discovery is necessary to learn the location of the records and to determine where the proceeds of the funds went. Any delay could allow the financially sophisticated defendants, who have went through great lengths to shield their identities by appointing a 29 year old restaurant worker as their nominee and omitting his first name in press releases.

11. Therefore, the Rule 26(d) requirement should be waived in this unique case so that the identities of the parties and their location can be obtained.

Respectfully submitted,

*Mal Dusak*

Mal Duszak
613 Cross Street
East McKeesport, PA 15035
1-888-546-2320 Telephone
1-800-572-4403 Facsimile
m.duszak@k2send.com

PLAINTIFF

---

[1] To date, the plaintiff's process server in Fort Myers, Florida, has been unable to locate Edward Rosenman to serve the summons. Efforts continue in this regard, but Rule 26(d) makes it difficult to gather additional information. More importantly, Mr. Rosenman is represented by counsel in this case, albeit counsel picked by attorney Sam Israel, Esq., who represents and acts in the interests of Edward W. Hayter, Jr., and the attempt to shield his location appears to be an effort to delay and impede this lawsuit.

# EXHIBIT A – DOCKET SHOWING WARRANT FOR DEFENDANT EDWARD ROSENMAN FROM LEE COUNTY, FLORIDA

### STATE OF FLORIDA VS ROSENMAN, EDWARD

| | |
|---|---|
| **Defendant Name:** | Rosenman, Edward |
| **Date of Birth:** | 8/10/1977 |
| **Case Number:** | 05-CT-503650 |
| **Arrest Date:** | 6/23/2005 |
| **Appear by Date:** | |
| **Location:** | |
| **Case Assigned Judge:** | Gonzalez, Maria E |
| **Uniform Case Number:** | 362005CT503650000ACH |
| **Issuing Agency:** | |
| **Offense Date:** | 6/23/2005 |
| **Citation Number:** | 4860-XAA |
| **Lead Attorney:** | Peter D Aiken |
| **Assessed Payment:** | $1,460.00 |
| **Amount Paid:** | $80.00 |
| **Balance Due:** | $1380.00 |
| **Payment Plan:** | N/A |
| **Upcoming Hearings:** | N/A |

### Charges

| Charge Filing Date: | Statute: | Level/Degree | Charge Number: | Offense: | Disposition: |
|---|---|---|---|---|---|
| | 316.193 | Misdemeanor - First Degree | 1 | DUI (2ND OR MORE) | Def Sent/Adj Guilty |

### Sentence Components

| Component: | Value: |
|---|---|
| Confinement Agency | Lee County Jail |
| Confinement Max Days | 10 |
| Confinement Max Death | No |
| Confinement Max Life | No |
| Confinement Min Death | No |
| Confinement Min Life | No |

| | |
|---|---|
| Confinement Min N/A | Yes |
| County Reporting Probation Life | No |
| County Reporting Probation Years | 1 |
| DL Suspension Type | No Drivers License Action Taken |
| InterLock Years | 1 |

### Assessments

| Transaction Date: | Charge Amount: | Fee Code: | Fee Description: |
|---|---|---|---|
| 6/24/2005 | $40.00 | IND | IND App/Fee Indigents TF |
| 5/11/2006 | $480.00 | PB-COS | COS Cost of Supervision |
| 5/31/2006 | $925.00 | -CT-FS | FS Fine & Surcharge |
| 8/3/2006 | $15.00 | -CT-D6DEL | D6 Delinquent |

### Payments

| Transaction Date: | Receipt Number: | Payment Amount: | Fee Description: |
|---|---|---|---|
| 6/5/2006 | ODFM-2006-86016 | $80.00 | |

### Bonds

| Bond Amount: | Bond Type: | Bond Status: | Status Date: | Bond Company: |
|---|---|---|---|---|
| | Pre-Trial Surety Bond | Posted | 6/24/2005 | Blanding Bail Bonds |
| | Pre-Trial Surety Bond | Return to Depositor or Bondsman | 6/2/2006 | Blanding Bail Bonds |

### Docket Information

| Docket Date: | Event Description: |
|---|---|
| 5/4/2006 | Disposition (Judge:Gonzalez, Maria E) |
| 5/4/2006 | Plea of Guilty or No Contest Filed, |
| 5/4/2006 | Defendant Must Attend DUI School - Phase II, |
| 5/4/2006 | Present With Attorney, |
| 5/4/2006 | Report to Probation Today or Upon Release From Jail, |
| 5/4/2006 | Plea (Judge:Gonzalez, Maria E), Pled Nolo Contendere - DUI (2ND OR MORE) |
| 6/2/2006 | Surety Bond Returned to Bondsman, |
| 6/6/2006 | Judgment of Guilt & Placing Defendant on Probation Filed, |
| 8/3/2006 | CT - D6 Ordered for Failed to Complete Court Ordered School, |
| 8/3/2006 | CT - D6 Issued for Failed to Complete Court Ordered School, |
| 10/6/2006 | Warrant and Affidavit in Violation of Probation Filed, |

## End of Case Detail Information

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAL DUSZAK, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Plaintiff, | ) | 07cv0009 *** / mpt |
| | ) | |
| vs. | ) | |
| | ) | |
| EDWARD ABRAHAM ROSENMAN, | ) | |
| WAKISHA ROSENMAN a/k/a WAKISHA | ) | |
| NICOLAS, FIRST GUARDIAN | ) | |
| FINANCIAL CORPORATION, | ) | |
| TRAFALGAR LEASING & FINANCE | ) | |
| CORPORATION, COSMOS GROUP, | ) | |
| WINDSOR CAPITAL LTD., FAUZIE | ) | |
| MOHAMED a/k/a FAUZIE MOHAMAED, | ) | |
| "JOHN" LNU, JOHN DOES 1-100, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

AND NOW, this ____ day of _____, 2007, it is hereby ORDERED, ADJUDGED, and DECREED that, pursuant to Federal Rule of Civil Procedure 26(d), discovery may begin to ascertain the identities of the John Doe defendants, their location and the location of the unserved defendants, and to secure the financial and business records relevant to the allegations in the Complaint.

By the Court:

_____
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I, Mal Duszak, certify that I caused to be mailed a true copy of the foregoing motion to the following parties on this 27[h] day of February, 2007:

Daniel W. Burgess
PO Box 1542, #5
Stowe, VT 05672

Daniel W. Burgess
c/o Skiershop
638 Main Street
Stowe, VT 05672

Edward Wayne Hayter Sr.
165 Jaffrey Street
Brooklyn, NY 11235-3022

John C. Philips, Jr., Esquire
Phillips, Goldman & Spence P.A.
1200 N. Broom Street
Wilmington, DE 19806

*Mal Dush*
Mal Duszak