UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| MAL DUSZAK, | : |
| Plaintiff, | : |
| v. | : Case No. 07cv0009 |
| EDWARD ABRAHAM ROSENMAN; WAKISHA ROSENMAN a/k/a WAKISHA NOCOLAS; FIRST GUARDIAN FINANCIAL CORPORATION; TRAFALGAR LEASING & FINANCE CORPORATION; COSMOS GROUP; WINDSOR CAPITAL, LTD.; FAUZIE MOHAMED a/k/a FAUZIE MOHAMAED; "JOHN" LNU; JOHN DOES 1-100, | : |
| Defendants. | : |

**DEFENDANTS' OPPOSITION TO MOTION FOR ALTERNATIVE PROCESS**

Defendants Edward Abraham Rosenman, Wakisha Rosenman a/k/a Wakisha Nocolas, First Guardian Financial Corporation, Trafalgar Leasing & Finance Corporation, Cosmos Group, Windsor Capital Ltd., and Fauzie Mohamed a/k/a Fauzie Mohamaed (collectively, the "Defendants"), by and through their undersigned attorney, oppose the Plaintiff's motion pursuant to Fed. R. Civ. P. 4(m) to allow alternative process (the "Motion").

1. As was noted previously, the alleged *pro se* plaintiff lists as her coordinates the telephone number and mailing address of an individual named "Keith Maydak," a convicted felon, self-anointed lawyer and the author of countless harassment suits. His exploits have been covered in the press and Maydak maintains running "blogs" to which he proudly attaches his various legal pleadings in this case and the myriad other lawuists he is "prosecuting." See, e.g., www.fgfc.us; www.ibcx.info; http://www.kmf.org/maydak/index.html.

2. Though he is not a member of the bar of this Court, Maydek has acted as though he represents his wife, Mal Duszak – *i.e.*, the "pro se" plaintiff in these proceedings. For her

part, the Plaintiff has stated in court papers that her husband—"an experienced litigator"— has been assisting her because she is not even in this country having represented in various court pleading that she resides in Poland but is currently in South America.

3. In the context of the instant Motion, the plaintiff attests to communications between Maydak and defendant Rosenman on her behalf. See Motion ¶15. Indeed, Maydak has himself acknowledged in a prior submission in the District Court for the Eastern District of New York (in opposition to a motion to quash) that he has held himself out as the Plaintiff in contacting both parties to this action and alleged non-party witnesses.

4. We have reason to believe that the plaintiff cannot even appear in this country and is on a "no-fly list." Appended hereto as Exh. 1 is a decision rendered by the Third Circuit Court of Appeals in which it addresses FOIA demands made by Maydak while a fugitive from justice regarding the legality of the Plaintiff's status in this country and the Department of Justice's no fly lists.

5. In defense of a subpoena issued in this case, the Plaintiff participated in a conference call with Magistrate Judge Ramon E. Reyes, Jr. of the District Court for the Eastern District of New York from a hotel room in Panama City.[1] She admitted that Maydak was at her side at the time. (In all likelihood he was both listening in on the call and passing notes to the Plaintiff as to what she should say.) On the call, the Plaintiff admitted that what she called her "office address" is actually the address of Maydak's mother in Pennsylvania, namely 613 Cross Street East McKeesport, PA 15035.

6. Meanwhile, the process service company allegedly used by the Plaintiff—"ABC Agents, Inc."—also happens to be located inside Maydak's mother's home, namely 613 Cross Street East McKeesport, PA 15035. See Exh. 2 hereto, consisting of a copy of the mailing addresses for Maydak's mother and ABC Agents, Inc.

---

[1] All three of the subpoenas Maydak has issued in this case have been quashed.

7. This is the "process service company" that is alleged to have been unable to serve the Rosenman parties with the complaint and it is this purported company's ostensible failure to achieve service that is the predicate for the Plaintiff's Motion seeking authorization for alternative process. See Motion ¶18.

8. The Motion itself is rife with hearsay and double hearsay, but short on genuine documentation. Thus, the Plaintiff attaches an alleged record reflecting that Rosenman owes Lee County Florida the sum of $1,395, as though this *discovery* merited the Court's attention. The Plaintiff chiefly relies upon alleged statements made to her husband by Rosenman and that her husband conveyed to her. The Plaintiff also contends that mail is being received at the defendant's home, but for some reason UPS cannot deliver packages to the house. See Motion at ¶¶ 13 and 16. No UPS documentation is supplied, however which might demonstrate these failed or aborted efforts, nor elucidate the discrepancy.

9. The Defendants have no objection to the Plaintiff's request fro additional time to achieve service, but they—and the Rosenmans in particular—object to the effort to have the Court authorize alternative service.

10. Defendants' counsel is not authorized to accept service of the Complaint on their behalves.

11. To the extent that the Court is inclined to grant the motion, the Defendants respectfully request a hearing during which this allegedly pro se plaintiff may herself appear and address the foregoing concerns.

WHEREFORE, the Moving Defendants respectfully request that the Court deny the Plaintiff's motion and grant any further relief the Court deems just and proper.

Respectfully submitted,

/s/ JCP

John C. Phillips, Jr. (Bar No. 110)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 N. Broom Street
Wilmington, DE 19806
(302) 655-4200 (telephone)
(302) 655-4210 (fax)

DATE: May 4, 2007

# EXHIBIT 1

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 04-4436
_____

KEITH MAYDAK,
                      Appellant,

v.

UNITED STATES DEPARTMENT OF EDUCATION;
BUREAU OF CITIZENSHIP & IMMIGRATION;
UNITED STATES POSTAL SERVICE;
TRANSPORTATION SECURITY ADMINISTRATION;
UNITED STATES DEPARTMENT OF TRANSPORTATION;
UNITED STATES DEPARTMENT OF JUSTICE

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 03-cv-01091)
District Judge: Honorable Alan N. Bloch
_____

Submitted Under Third Circuit LAR 34.1(a)
August 12, 2005

Before: ALITO, SMITH and COWEN, Circuit Judges

(Filed: September 21, 2005)

_____

OPINION
_____

PER CURIAM

Appellant Keith Maydak was arrested in August 2001 by Pittsburgh police for driving under the influence and other motor vehicle violations. He was on supervised release at the time as a result of his conviction in a prior criminal action. In September 2001, the United States Probation Office filed a Petition on Supervised Release, contending that Maydak had violated the standard conditions of supervised release. Maydak was ordered to appear for a hearing on September 27, 2001, and when he failed to appear, the District Court ordered his arrest. On September 29, 2002, Maydak was arrested in Canada by Canadian authorities. In October 2002, the Probation Office filed a supplemental petition, contending that Maydak had violated various additional conditions of his supervised release. On or about October 29, 2004, Maydak was surrendered by Canada after contesting extradition.

While Maydak was in Canada, he filed suit against six United States agencies under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, in United States District Court for the Western District of Pennsylvania, the same court from which he had fled. The complaint describes Maydak's unsuccessful attempts to obtain a vast and disparate assortment of records, including records from the Department of Education concerning its lawsuit against him for defaulting on a student loan more than 10 years ago, the Department of Homeland Security concerning the legality of Malgorzata Duszak's status in this country, and the Department of Justice concerning its "no fly lists," among many

2

others. The government moved to dismiss the complaint under the fugitive disentitlement doctrine, or, alternatively, for failure to exhaust administrative remedies.

In an order entered on September 29, 2004, the District Court dismissed the action under the fugitive disentitlement doctrine pursuant to its inherent authority. The court reasoned that Maydak's flight to Canada was in complete disregard of its authority to adjudicate the supervised release violations, and it viewed the FOIA lawsuit as an indignity under the circumstances, noting Maydak's "contemptuous disrespect." See Ortega-Rodriguez v. United States, 507 U.S. 234 (1993); Molinaro v. New Jersey, 396 U.S. 365 (1970). The court reviewed the information sought and found a connection between Maydak's FOIA case and his status as a fugitive, Ortega-Rodriguez, 507 U.S. at 246, the connection being a further desire to evade law enforcement by investigating if and how he could depart from the United States again via air travel if released by Canadian authorities. Maydak appeals.

We will affirm. Although courts have authority to dismiss the direct appeal of a criminal fugitive who remains at large after escaping custody,[1] the fugitive disentitlement doctrine does not automatically disqualify a criminal fugitive from maintaining a civil action in federal court. In Degen v. United States, 517 U.S. 820 (1996), the Supreme Court held that a district court could not apply the fugitive disentitlement doctrine to

---

[1] In Ortega-Rodriguez, 507 U.S. 234, the Supreme Court rejected use of the doctrine against a defendant to dismiss an appeal when the defendant who had escaped during the district court proceedings was in custody during the appeal.

3

sanction a fugitive who had fled from the court's jurisdiction in a criminal case by refusing to accept his answer in a related civil forfeiture action. The Court emphasized that the fugitive defendant had a constitutional right to defend his property and that to strike his filings would be an excessive response to the concerns raised. Id. at 828. Several courts have observed that, with respect to the fugitive disentitlement doctrine, Degen shifted the emphasis in civil cases from considerations of dignity and deterrence to practical considerations such as enforceability and prejudice. See, e.g. Sarland v. Anderson, 205 F.3d 973, 974-75 (7th Cir. 2000).

Nevertheless, Degen does not operate as an absolute bar to applying the fugitive disentitlement doctrine in a civil case on the ground that the criminal fugitive's flight operates as an affront to the dignity of the court. See Marran v. Marran, 376 F.3d 143, 149 (3d Cir. 2004). In Marran, we held that a mother's purported status as a fugitive did not warrant dismissal of her federal appeal in a civil rights case under the doctrine. The mother had been held in contempt by a state court, and state criminal charges had been filed against her in connection with her refusal to produce her daughter under a custody order. Id. at 148-49. In rejecting a motion to dismiss the appeal on the basis of the doctrine, we did not reject the dignitary rationale out of hand; we simply noted that "the affront was to the dignity of the Pennsylvania courts, not to this Court." Id. at 149. See also United States v. Awadalla, 357 F.3d 243, 246 (2d Cir. 2004) (Degen's rationale for discounting dignity as relevant factor in civil case is that criminal defendant should not be

4

sanctioned by one court for his affront to another court).

The District Court's decision to apply the doctrine to Maydak's FOIA action was not an abuse of discretion. See Bagwell v. Dretke, 376 F.3d 408, 413 (5th Cir. 2004) (discussing proper standard of review). Maydak was not returned to the District Court's custody until a month after his FOIA case was dismissed, and prior to his return, he contested extradition. Thus, he was indeed a fugitive. Furthermore, dismissal did not interfere with Maydak fully exercising his rights under the U.S.-Canada Extradition Treaty. The federal contempt case initiated against him when he fled the jurisdiction was dismissed as a result of the terms of the extradition treaty. In addition, there was enough of a connection between Maydak's fugitive status and his FOIA case to justify application of the doctrine, Ortega-Rodriguez, 507 U.S. at 246, as explained by the District Court.

Finally, the sanction was not excessively harsh or extreme. Degen, 517 U.S. at 829; Bagwell, 376 F.3d at 414. It is the purpose of the Freedom of Information Act to promote accountability by opening the actions of government officials to public scrutiny. See McDonnell v. United States, 4 F.3d 1227, 1251 (3d Cir. 1993). Courts are available to enforce the rights established by the statute. However, the District Court's application of the doctrine to bar suit in the Western District was not excessively harsh insofar as Maydak could have filed his FOIA action in United States District Court for the District of Columbia, where he has filed other FOIA actions. 5 U.S.C. § 552(a)(4)(B) (West Supp. 2004). He did not need to file his action in the court from which he fled. The

5

dismissal with prejudice means that Maydak may not seek to reinstate this action in the Western District even though he no longer is a fugitive, but the District Court for the District of Columbia, not having been flouted, might well determine that dismissal in the Western District of Pennsylvania, under the District Court's inherent authority to control the proceedings before it, does not operate as a bar to suit in the District of Columbia (an issue we leave to that able court).

    We will affirm the order of the District Court dismissing the case with prejudice.

# **EXHIBIT 2**

**ABC Agents, Inc.**
*legal support services and corporate agents*
ph: 888-554-7185  email: service@abcagents.net
613 Cross Street
East McKeesport, PA 15035-1307

Mal Duszak
613 Cross Street
East McKeesport, PA 15035

CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2007, a copy of the foregoing Defendants' Opposition to Motion to Reconsider was served upon the following person(s) via facsimile and first class, postage prepaid mail:

Mal Duszak

613 Cross Street East

McKeesport, PA 15035

Fax Number: 1-800-572-4403

_____
John C. Phillips, Jr., Esquire (#110)