IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAL DUSZAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-09-*** |
| | ) |
| EDWARD ABRAHAM ROSENMAN, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 4th day of September, 2007, having considered plaintiff's

pending motions;

IT IS ORDERED that:

1. Plaintiff's motion to substitute "John Doe" party and to amend caption (D.I. 6)

is **granted**, and more properly construed as an amended complaint. John Doe 1 is

replaced with Daniel Burgess and the caption of the complaint is amended to reflect the

same.

2. Plaintiff's motion for reconsideration of the order entered February 13, 2007,

granting an extension of time (D.I. 16) is **granted**. Plaintiff's motion pursuant to Fed. R.

Civ. P. 4(m) to extend time to serve summons and complaint upon defendants Edward

Abraham Rosenman ("Rosenman") and Wakisha Rosenman ("W. Rosenman") (D.I.

24) is **granted**. Plaintiff's motion for alternative process (D.I. 24) is **denied**. Plaintiff

shall effect service upon defendants Rosenman and W. Rosenman by no later than

**October 1, 2007**. Service shall be made as required by Rule 4 of the Federal Rules of

Civil Procedure. No alternative methods of service are authorized. Plaintiff is placed on notice that any defendants who have not been served by October 1, 2007, may be subject to dismissal pursuant to Fed. R. Civ. P. 4(m). **All defendants** who have been served shall answer or otherwise plead by no later than **November 1, 2007**.

3. Plaintiff's motion to correct the docket (D.I. 20) is **denied**. Plaintiff filed a motion to substitute John Doe II and argues the motion was improperly docketed as an amended complaint. The document is actually an amended complaint and is construed as such by the court.

4. Plaintiff's emergency motion pursuant to Fed. R. Civ. P. 26(d) to allow discovery prior to the discovery meeting (D.I. 21) is **denied**. Plaintiff seeks a waiver of Rule 26(d) and contends discovery is necessary to identify the John Doe defendants. She argues that no "meet and confer" can occur until the Doe defendants are identified. Defendants Rosenman, W. Rosenman, First Guardian Financial Corporation ("First Guardian"), Trafalgar Leasing & Finance Corporation ("Trafalgar"), Cosmos Group ("Cosmos"), Windsor Capital Ltd. ("Windsor Capital"), and Fauzie Mohamed a/k/a Fauzie Mohamaed ("Mohamed") (collectively "defendants") object on the basis that the motion is an effort to shield the true nature of this action and the identity of the person behind it. Defendants contend that Keith Maydak ("Maydak"), a convicted felon and non-attorney, is actually pursuing this litigation for his wife, plaintiff Mal Duszak ("Duszak"), a resident of Poland. They presented evidence that Maydak had a subpoena issued in another district court for use as discovery in this case. The subpoena was issued under the name of Duszak, the subpoena was quashed, and

2

Duszak was enjoined from issuing and/or serving subpoenas, unless and, until she retained counsel or appeared personally or by telephone to attest to the fact that she is the actual plaintiff and appearing pro se. *In Re Subpoena dated February 7, 2007 to Edward W. Hayter*, C.A. No. 07-799-ARR-RER (E.D.N.Y. Feb. 28, 2007).

5. Rule 26(d) of the Federal Rules of Civil Procedure provides that discovery may not be initiated until the completion of a Rule 26(f) conference unless the parties agree to it or the court authorizes expedited discovery. Fed. R. Civ. P. 26(d), (f). Courts have used two standards when deciding expedited discovery motions. The *Notaro* standard resembles the test for a preliminary injunction. It requires the plaintiff to demonstrate "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982).

6. The "good cause" or "reasonableness" standard has also been applied by some district courts. *Entertainment Tech. Corp. v. Walt Disney Imagineering*, 2003 WL 22519440 (E.D. Pa. Oct. 2, 2003). The "reasonableness" standard is less demanding that the *Notaro* test. *Bae Sys. Aircraft Controls, Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581, 588 (D. Del. 2004). It generally has been utilized when the purpose of the expedited discovery is to gather evidence for an upcoming preliminary injunction hearing. *Id.* (citation omitted). "Application of this standard depends on the actual circumstances of each case, as well as consideration of certain factors such as a

3

pending preliminary injunction hearing, the need for discovery, and the breadth of the moving party's discovery requests." *Id.* "If the discovery requests are narrowly tailored to fit the issues raised in the preliminary injunction, expedited discovery should be granted." *Id.* Where the requests are overly broad, leave should be denied. *Id.* (citation omitted) After reviewing the circumstances of this case, the court finds the "reasonableness" standard has not been met.

7. This case is in its early stages and several defendants have been served. Should this case continue past the dismissal stage, the Federal Rules of Civil Procedure provide the tools for discovery. Plaintiff will have the opportunity to pursue discovery with these defendants in an effort to identify the John Doe defendants.

8. Plaintiff's motion to amend caption to reflect name change of defendant First Guardian Financial Corporation (D.I. 23) is **granted**. First Guardian Financial Corporation's name is changed to New Capital Funding Corporation.

9. Defendants have raised a valid issue as to whether Maydak is acting as counsel for plaintiff Duszak or whether Duszak actually proceeds pro se. As is well known, a non-attorney may not act as an attorney other individuals. *See In the Matter of Chojecki*, Nos. 99-4850, 99-18145, 2000 WL 679000, at *2 (E.D. Pa. May 22, 2000) (citing *United States v. Stepard*, 876 F. Supp. 214, 215 (D. Ariz. 1994) ("Although a non-attorney may appear in propria persona on his own behalf, that privilege is personal to him and he has no authority to appear as the attorney for anyone other than himself.").

10. The court will follow the lead of the United States District Court for the

4

Eastern District of New York in an attempt to resolve the issue. In viewing the documents submitted and reviewing other court dockets it appears that Duszak is either living in Panama or Poland while using the following address in the United States for service: 613 Cross Street, East McKeesport, PA 15035. The East McKeesport address also belongs to Maydak. Duszak is ordered to submit for in camera review the following documents: 1) a copy of her entire passport; 2) a copy of other photo identification; 3) proof that she sent all of her signed documents in this case from either Panama or Poland to East McKeesport, PA (for further mailing to the Court); and 4) a copy of her marriage certificate. She shall also provide the current address where she resides, be it in Panama or Poland. The foregoing documents and information shall be submitted no later than **October 1, 2007**. Plaintiff is placed on notice that failure to comply with this order may result in dismissal of the case. Plaintiff is further placed on notice that once the court has received the address where she resides, it will be considered the service address for her. This means that all service copies from any party and the court shall be mailed to the address where plaintiff actually resides.

Honorable Mary Pat Thynge
U.S. Magistrate Judge

5